UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:16-cr-89 |
| ) | |
| SERGIO GARCIA, SR. and ) | |
| SERGIO GARCIA, JR., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for a Bill of Particulars [DE 55], the Motion for Notice and Production of Rule 404(b) Material [DE 56], the Motion for Early Return of Trial Subpoenas [DE 57], and the Motion for Extension of Time to File Additional Pretrial Motions [DE 58] filed by the defendant, Sergio Garcia, Sr., on October 31, 2017 and November 1, 2017. On November 17, 2017, the defendant, Sergio Garcia, Jr., filed a motion requesting to join and adopt these motions. The court granted Garcia Jr.'s request on November 20, 2017. For the following reasons, the Motion for a Bill of Particulars [DE 55] is **DENIED**, the Motion for Notice and Production of Rule 404(b) Material [DE 56] is **GRANTED in part and DENIED in part**, the Motion for Early Return of Trial Subpoenas [DE 57] is **DENIED**, and the Motion for Extension of Time to File Additional Pretrial Motions [DE 58] is **DENIED.**

*Background*

The defendants, Sergio Garcia, Sr. and Sergio Garcia, Jr., are charged in a twelve count Indictment with Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349 (count one) and Mail Fraud in violation of 18 U.S.C. § 1341 (counts two – eleven). Co-defendant, Timothy

Daniel Greene, is charged with defrauding the Department of Housing and Urban Development in violation of 18 U.S.C. § 1010 (count twelve).

The Government has alleged that Garcia Sr. and Jr. conspired with others known and unknown to the Grand Jury to engage in a scheme to defraud and to obtain money by means of false pretenses, representations and promises. Count one of the Indictment has claimed that between on or about December 1, 2010 and on or about May 31, 2014, in the Northern District of Indiana and elsewhere, Garcia Sr. and Jr. and others known and unknown to the Grand Jury knowingly and willfully combined, conspired, and agreed to commit the crime of mail fraud. Moreover, the Government has alleged that the purpose of the conspiracy was to: (a) purchase homes by providing false information to HUD and to simultaneously sell homes under contract with HUD to other buyers at a profit; (b) thwart HUD's ability to sell homes to others after the conspirators' contracts to purchase HUD homes had expired; and (c) receive money from other interested buyers of HUD homes after the conspirators' contracts to purchase HUD homes had expired. Counts two through eleven of the Indictment have alleged that Garcia Sr. and Jr., and others known and unknown to the Grand Jury, knowingly deposited and caused to be deposited to be sent and delivered by the United States mail and Fed Ex matters including, but not limited to, fraudulent letters of credit with each mailing or delivery constituting a separate violation of the mail fraud statute.

*Discussion*

**Federal Rule of Criminal Procedure 7(f)** provides:

> The court may direct the Government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The Government may amend a bill of particulars subject to such conditions as justice requires.

In determining whether to grant the bill of particulars, "[t]he standard is whether the Government's indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991); *see also United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013); *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003); *United States v. Glecier*, 923 F.2d 496, 501 (7th Cir. 1991); *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985). A defendant "is only entitled to know the offense with which he is charged, not all the details of how it will be proved." *United States v. Richardson*, 130 F.3d 765, 776 (7th Cir. 1997). The indictment is not required to "detail every factual nugget necessary for conviction", nor is it required to "allege in detail the factual proof that will be relied on to support the charges." *United States v. Smith*, 230 F.3d 300, 306 (7th Cir. 2000). The Seventh Circuit has held that a bill of particulars is not necessary when an indictment lays out the elements of the charged offenses, gives sufficient notice of the charges to allow the defendant to prepare a defense, gives the time and place of the accused's allegedly criminal conduct, and cites the applicable statute or statutes. *Vaughn*, 722 F.3d at 927; *see also United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003); *Fassnacht*, 332 F.3d at 446.

In making this determination, the court is not required to consider only the indictment. The information may be provided to the defendant through "some other satisfactory form." *Canino,* 949 F.2d at 949 (the Government had maintained an "open-file" policy); *Fassnacht*, 332 F.3d at 447 ("the Government in this case provided the defendants with extensive pretrial discovery, giving them full access to all documentary evidence in the Government's possession, thus further obviating the need for a bill of particulars"); *Glecier,* 923 F.2d at 501-02 (a "volume of documents and records" had been provided by the Government during discovery). Adequate discovery can "satisfy the need for a bill of particulars." *Vaughn*, 722 F.3d at 928. In

3

determining whether the indictment sufficiently apprises the defendant of the charges, a court considers the charges' complexity, the indictment's clarity, and the availability of discovery. *United States v. Swiatek,* 632 F.Supp. 985, 988 (N.D. Ill. 1986).

Regarding count one, Garcia Sr. and Jr. have requested the following:

1. Identify with specificity the "uncharged co-conspirators";

2. Identify with specificity the individuals "known" to the Grand Jury Defendant[s] conspired with to engage in a scheme to defraud and to obtain money by means of false pretenses, representations and promises; and

3. Identify with specificity *all* the properties the scheme involved.

Regarding counts two through eleven, Garcia Sr. and Jr. have requested the following:

1. Identify with specificity the individuals "known" to the Grand Jury that "knowingly deposited and caused to be deposited to be sent and delivered by the United States mail and Fed Ex … the following matters which include but are not limited to fraudulent letters of credit, with each mailing or delivery constituting a separate violation of the mail fraud statute"; and

2. Identify with specificity all of the "matters" Defendants and other known and unknown "knowingly deposited and caused to be deposited to be sent and delivered by United States mail and Fed Ex…constituting a separate violation[s] of the mail fraud statute."

Garcia Sr. and Jr. have argued that the identities of the unindicted co-conspirators are necessary to the preparation of their defense. Moreover, they have argued that without knowing the identities of these co-conspirators they are unable to "discern the contours of this complicated mail fraud conspiracy." The Government contends that the particulars requested by Garcia Sr. and Jr. would not provide clarity as to the elements of the offense nor better apprise them of the charges. Further, the Government has indicated that as a general rule, it does not identify in pre-trial filings individuals who may have participated in criminal activity but no formal charges are being sought. The Government has indicated that to identify every uncharged

4

individual who may have participated in the defendants' conspiracy would require it to "comb through the very same discovery it has already produced to Defendants."

Garcia Sr. and Jr. have cited *United States v. Farley,* No. 97 CR 0441, 1997 WL 695680, at *6 (N.D. Ill. Oct. 31, 1997) in support of their contention that the co-conspirators' identities are necessary to their defense. In *Farley,* the court granted a request for the co-conspirators' identities "to assist the defendants in understanding the conduct of which they are accused." *Farley,* No. 97 CR 0441, 1997 WL 695680, at *6. The court does not believe that the identification of all co-conspirators is necessary for Garcia Sr. and Jr. to understand the nature of the charges against them. The court finds that the indictment sufficiently has described the defendants' conduct. Additionally, the Government has indicated that it has provided approximately 118,000 pages of discovery to the defendants.

Garcia Sr. and Jr. have argued that the language contained in the indictment, "the scheme involved offering to buy more than 40 HUD homes, including but not limited to [48 delineated properties]," makes it impossible for the defense to avoid unfair surprise at trial. Therefore, Garcia Sr. and Jr. contend that the Government should identify each of the properties alleged to be involved in the scheme, as well as the "matters" that form the basis of counts two through eleven.

The Government has claimed that to do so would necessitate additional investigation by HUD and FBI. Also, the Government has indicated that it has narrowed the focus of the alleged conspiracy to 47 of the HUD homes. In the alternative, Garcia Sr. and Jr. request that "including but not limited to" be stricken from the indictment as surplusage. Surplus language contained in the indictment will be addressed by the District Court Judge as part of the preliminary and final jury instructions.

Additionally, Garcia Sr. and Jr. have argued that they need to be informed of every property involved in the scheme to ensure their ability to plead double jeopardy as a bar to future prosecutions. However, the Government has indicated that the indictment presents no double jeopardy concerns because it alleges a single detailed conspiracy, lists specific homes involved in the scheme, identifies the time-frame and general area in which the conspiracy was carried out, and specifies the statute violated. The indictment in this matter has alleged a single conspiracy, while the danger of subsequent prosecution is an argument to raise when the Government has alleged multiple conspiracies where it should have charged one. *See **U.S. v. Townsend,*** 924 F.2d 1385, 1411 (7th Cir. 1991) (noting double jeopardy concern is an argument to raise when the Government has alleged multiple conspiracies and should have charged one).

The court, having considered the complexity of the charges, the clarity of the indictment, and the availability of discovery, finds that the indictment sufficiently has apprised Garcia Sr. and Jr. of the charges allowing them to adequately prepare for trial. The District Court Judge will address if the indictment contains surplus language as part of the preliminary and final jury instructions. Based on the foregoing, the Motion for a Bill of Particulars [DE 55] is **DENIED.**

Next, Garcia Sr. and Jr. have requested early notice and production of Rule 404(b) material. **Federal Rule of Evidence 404(b)** prohibits evidence of other crimes, wrongs, or acts to prove the character of the defendant to show that he acted in conformity. However, the evidence is admissible for other purposes, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." **Rule 404(b)(2)**. In a criminal case, the Government must provide reasonable advance notice of its intent to introduce such evidence. **Rule 404(b)(2)**.

Garcia Sr. and Jr. specifically have requested the following particulars of "other crimes" evidence:

1. The dates, times, places, and persons involved in said crimes, wrongs, or acts;

2. A description of the general nature of said crimes, wrongs or acts, including the dates, places, and persons involved;

3. The statements of each participant in said other crimes, wrongs, or acts;

4. The documents which contain evidence of said other crimes, wrongs or acts; and

5. A statement of the issue or issues to which the Government believes such other crimes, wrongs, or acts evidence may be relevant under the Fed. R. Evid. 404(b).

The Government has argued that Garcia Sr. and Jr. have requested information that requires greater disclosure than necessary under Rule 404(b). Accordingly, Rule 404(b) does not, however, provide for unbridled discovery, and to that end, the Government need only "appraise the defense of the *general nature* of the evidence of extrinsic acts. **United States v. Perez,** No. 00 CR 211, 2002 WL 1461504, at *12 (N.D. Ill. 2002).

Garcia Sr. and Jr. also have requested production of Federal Rule of Evidence 608(b) impeachment material to the extent that the evidence constitutes "other act" evidence within the meaning of Rule 404(b), or evidence subject to disclosure under Rule 16. Indeed, "defendants are not entitled access to any Rule 608(b) material which is not discoverable under Federal Rule of Criminal Procedure 16." **United States v. Perez,** No. 00 CR 211, 2002 WL 1461504, at *12; *see also* **United States v. Kirkwood,** No 06-30064, 2007 WL 605008, at *2 (C.D. Ill. Feb. 22, 2007). Rule 16 limits the scope of compelled discovery to material that the Government intends to introduce during its case-in-chief. **Perez,** No. 00 CR 211, 2002 WL 1461504, at *12. "By definition, Rule 608(b) evidence may not be used during the Government's case-in-chief, and therefore, it is not discoverable under Rules 12 or 16." **Perez,** No. 00 CR 211, 2002 WL

1461504, at *12.  Thus, the court denies Garcia Sr. and Jr.'s requests for production of Rule 608(b) material.  However, the court grants the request for 404(b) material that might also be admissible under Rule 608(b).

Garcia Sr. and Jr. have requested production Rule 404(b) material at least 45 days prior to trial in order to prepare their defense.  This matter is set for a final pretrial conference on March 2, 2018 and trial on April 9, 2018.  Therefore, the final pretrial conference is set approximately five weeks prior to the start of trial, production at this time would be reasonable notice under Rule 404(b).  *See* **United States v. Shorter**, 2004 WL 2496496, *1 (N.D. Ill. Nov. 3, 2004) (finding two weeks notice reasonable); **United States v. Garrett**, 2002 WL 1968391, *2 (N.D. Ill. August 26, 2002) (explaining that two weeks notice is sufficient in bankruptcy fraud case); **United States v. Patel**, 2002 WL 1750948, *2 (July 26, 2002) (finding one week notice reasonable).

The Government has made it clear that it is aware of its obligations under Rule 404(b), and Garcia Sr. and Jr. have not shown that it is unreasonable to set the date for turnover at the final pretrial conference or shortly thereafter.  Further, the Government has indicated in this judicial district the time aspect of Rule 404(b) is satisfied if a written filing is made at or before the final pretrial conference.

Based on the foregoing, the Motion for Notice and Production Disclosure of Rule 404(b) Material [DE 56] is **GRANTED in part and DENIED in part.**  The Government is **ORDERED** to disclose all Federal Rule of Evidence 404(b) material, including material that might also be admissible under Federal Rule of Evidence 608(b), at the final pretrial conference.

Garcia Sr. and Jr. have moved for the early return of the trial subpoenas pursuant to Federal Rule of Criminal Procedure 17. **Federal Rule of Criminal Procedure 17(c)** provides the following:

> (1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Rule 17(c) was not intended to provide a means of discovery for criminal cases. *United States v. Nixon,* 418 U.S. 683, 698, 94 S.Ct. 3090, 3103, (1974) (citing *Bowman Dairy Co. v. United States,* 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879 (1951)). In order to require pre-trial production, the movant must show that the subpoenaed documents are: (1) relevant; (2) admissible; and (3) requested with adequate specificity. *Nixon,* 418 U.S. 683 at 699-700. Further, the court must still consider other factors, including whether: (1) the materials could be obtained otherwise, before trial, by the exercise of due diligence; (2) the party cannot adequately prepare for trial without advance production of the documents, and the failure to obtain the documents may tend to unreasonably delay the trial; and (3) the request for the materials is made in good faith and not as a general "fishing expedition." *Nixon,* 418 U.S. 683 at 699.

Garcia Sr. and Jr., in the motion, did not specify the witnesses they wish to subpoena or the documents they seek to obtain. Further, they did not cite any authority in support of the motion. Therefore, the Motion for Early Return of Trial Subpoenas [DE 57] is **DENIED.**

Garcia Sr. and Jr. have requested additional time to file pretrial motions. However, they have not indicated what motions they intend to file. Therefore, the Motion for Extension of Time to File Additional Pretrial Motions [DE 58] is **DENIED.**

Based on the foregoing reasons, the Motion for a Bill of Particulars [DE 55] is **DENIED**, the Motion for Notice and Production of Rule 404(b) Material [DE 56] is **GRANTED in part and DENIED in part**, the Motion for Early Return of Trial Subpoenas [DE 57] is **DENIED,** and the Motion for Extension of Time to File Additional Pretrial Motions [DE 58] is **DENIED.**

ENTERED this 31st day of January, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge