UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:16CR89-PPS |
| | ) | |
| SERGIO GARCIA, SR., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Defendant Sergio Garcia, Sr. entered a plea of guilty to one count of mail fraud, and was sentenced to 70 months imprisonment. After surrendering for service of his sentence on December 23, 2019, Garcia is incarcerated at the Federal Prison Camp in Duluth, Minnesota, with a projected release date of December 11, 2024. On April 16, 2020, the Clerk received Garcia's *pro se* "Emergency Motion for Compassionate Release – COVID-19 Action via §3582(c)(1)(A)(i)." [DE 186.] After appointed counsel filed a supplemental brief on Garcia's behalf, the government filed a response in opposition, Garcia filed a reply and supplement, and I held a telephonic hearing with counsel on May 14, 2020. The matter is now ripe for ruling.

Garcia's motion, like those of thousands of other federal prison inmates during the COVID-19 pandemic, invokes §3582(c)(1)(A)(i). As amended by the First Step Act, that provision authorizes a defendant to seek a modification of an imposed term of imprisonment upon a showing that "extraordinary and compelling reasons warrant

such a reduction." The government concedes that, as of this writing, Garcia has met the administrative exhaustion requirements of §3582(c)(1)(A).

At the May 14 hearing, counsel were asked whether an evidentiary hearing was necessary, and neither requested that one be held. Reductions of sentence authorized by the First Step Act have been characterized as limited adjustments to an otherwise final sentence, and found not to require a full sentencing hearing. *United States v. Smith*, \_\_ F.3d \_\_, 2020 WL 2910770, at *4 (6th Cir. May 6, 2020), citing cases including *Dillon v. United States*, 560 U.S. 817, 826 (2010) and *United States v. Hamilton*, 790 Fed.Appx. 824, 826 (7th Cir. 2020) (per curiam) ("nothing in the First Step Act requires a district court to hold any sort of hearing"). In any event, even if I had determined to have an evidentiary hearing to resolve factual disputes, Garcia would not have a right to be present (virtually or in person). Fed.R.Crim.P. 43(b)(4) expressly provides that a defendant's presence is not required at a proceeding involving "the correction or reduction of sentence under Rule 35 or 18 U.S.C. §3582(c)."

In this instance, I will not set an evidentiary hearing because there are no factual disputes on which my determination rests. Instead, even if I accept as true all of Garcia's factual contentions about his health and medical history, for present purposes only, acknowledging that they are vigorously disputed by the government and that I may find in the government's favor if I ever make factual findings of my own, I nonetheless will deny Garcia's motion, finding that he does not establish extraordinary and compelling reasons warranting relief.

What does Garcia allege in support of his motion?  He reports that he has a history of respiratory ailments, including bronchitis, asthma and pneumonia, as well as sleep apnea and gastroesophageal reflux.  At some time in the past, he has used an inhaler.  Even if all of this is true, Garcia does not report any present manifestations of any of these conditions, and there are no reported cases of COVID-19 at FCP Duluth.  His fears of possibly contracting the virus, and of possibly experiencing severe complications if he does, are simply not "extraordinary and compelling" reasons to support his release at this point in time, when, whether or not he is a risk to the community (another issue on which I make no findings presently), he has served so very little of his prison sentence – 5 months so far, with 55 months to go.

I see no reason to make the analysis more complicated at this juncture.  Garcia is 50 years old, not of advanced age, and has no current exacerbations of any respiratory ailments.  Given the status of FCP Duluth with no confirmed cases of the coronavirus, I am not persuaded that his risk of contracting COVID-19, and of experiencing a severe case if he is infected, are sufficient to warrant Garcia's release under §3582(c)(1)(A)(i).

Finally, I recognize that we are sailing on uncharted waters right now with the world-wide COVID-19 pandemic.  Matters change rapidly; there are new developments that occur on nearly a daily basis.  Therefore, it should go without saying that this opinion, like all orders, is subject to reconsideration should there be a substantive change in the facts.  But for now, based on the information presently before me, Mr. Garcia must remain incarcerated. If factual developments warrant a reconsideration,

3

Garcia is free to exhaust administrative remedies again, and file a new motion under §3582(c)(1)(A).

ACCORDINGLY:

Defendant Sergio Garcia, Sr.'s Emergency Motion for Compassionate Release [DE 186] is DENIED.

SO ORDERED.

ENTERED: May 18, 2020.

                                            /s/   Philip P. Simon
                                            UNITED STATES DISTRICT JUDGE