UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>       )<br>   Plaintiff,        )<br>       )<br>   v.        )<br>       )<br>SERGIO GARCIA, SR.,        )<br>       )<br>   Defendant.        ) | NO. 2:16CR89-PPS |

**OPINION AND ORDER**

Sergio Garcia, Sr. has filed a "Reconsideration Motion in Favor of Compassionate Release/Sentence Reduction" [DE 239] and a "Supplemental Motion in Support of Compassionate Release/Sentence Reduction [DE 242]. These requests follow three previously denied requests for compassionate release due to the COVID-19 pandemic. [DE 186, 198, 199, 212, 214, 237.] The latest motions must also be denied.

Garcia offers no new information or argument that is at all persuasive in demonstrating the existence of extraordinary and compelling reasons for a reduction of his sentence, as required by 18 U.S.C. §3582(c)(1)(A). Only a few features of Garcia's recent filings warrant particular comment. Garcia only obliquely refers, late in his memorandum, to the fact that he has already been infected with the COVID-19 virus. [DE 239 at 9.] That fact weighs heavily against compassionate release. Garcia also does not contend that he has been severely ill or that he hasn't recovered from the infection. He doesn't address head-on any risk of reinfection. On that point, I also note that the Bureau of Prisons has administered COVID-19 vaccine "at more than half of the BOP's

correctional facilities across the country" as of January 16, 2021, and expects all BOP facilities "to receive their first dose by mid-February." *See* https://www.bop.gov/resources/news/20210116_covid_vaccine_efforts_commended.jsp *(*accessed 1/29/21). All these considerations significantly diminish the urgency of Garcia's COVID-related arguments for early release.

In his motion to reconsider, Garcia contends that if the court would reduce his sentence to 41 months, "to what the initial plea was designated," then "he would qualify for relief via the CARES Act and the Bureau of Prisons would send him home to finish the remainder of his sentence on home confinement." [DE 239 at 7.] I was surprised to read this. It suggests that the parties agreed, as part of a plea agreement, to a sentence of 41 months. But Garcia entered his plea of guilty *without the benefit of any plea agreement*. [DE 113 at ¶2.] So Garcia's representation to the contrary is entirely false, and Garcia surely knows it.

In his supplemental filing, Garcia tells a different tale, namely that the BOP's decision to release him to home confinement was derailed by an outbreak of COVID at his prison – "the only barrier to the transfer happening was the alarming outbreak" of the virus. [DE 242 at 1-2.] In any event, what the BOP is willing to do in the exercise of its own discretionary authority is irrelevant to the standard I must apply when determining whether Garcia qualifies for compassionate release under §3582(c)(1)(A). Whatever the truth, if any, to Garcia's account of the BOP's decisionmaking, it does not factor into a judicial determination under the applicable statute.

Because again I find that Garcia has not met the statutory standard of §3582(c)(1)(A), his most recent two motions for compassionate release will be denied. The court will not entertain pointless *ad seriatim* requests for compassionate release, either on the same grounds as previously argued or on grounds that could have been articulated in previous filings. No further requests for compassionate release should be filed absent a showing of a clearly demonstrable and extraordinary change in circumstances.

Garcia has also filed a "Motion to Seal." This too will be denied, for several reasons. The two-sentence motion does not clearly specify the prior filings he requests to be sealed. Although Garcia refers twice to "motions," none of the docket entries he identifies by number are in fact motions, leaving it unclear what documents are at issue. More substantively, the motion lacks the detailed showing of good cause required to justify sealing documents filed in the court record, to which a strong presumption of public access attaches.

ACCORDINGLY:

Sergio Garcia, Sr.'s "Reconsideration Motion in Favor of Compassionate Release/Sentence Reduction" [DE 239] and "Supplemental Motion in Support of Compassionate Release/Sentence Reduction [DE 242] are DENIED.

Sergio Garcia, Sr.'s Motion to Seal [DE 243] is DENIED.

SO ORDERED.

ENTERED: February 1, 2021.         /s/   Philip P. Simon
                                   UNITED STATES DISTRICT JUDGE