**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:16CR89-PPS |
| | ) | |
| SERGIO GARCIA, SR., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Defendant Sergio Garcia, Sr. entered a plea of guilty to one count of mail fraud and was sentenced to 70 months imprisonment.  After surrendering for service of his sentence on December 23, 2019, Garcia is incarcerated at the Federal Prison Camp in Duluth, Minnesota, with a projected release date of December 11, 2024.  He seeks compassionate release; this is his seventh such motion.  The docket is littered with motions for release, motions for reconsideration, and opinions denying those requests. [DE 186, 190, 194, 195, 198, 206, 211, 212, 214, 236, 237, 239, 244, 246, 247, 262.] Along the way, Mr. Garcia's family has advocated for his release in a series of letters on his behalf. [*See e.g.* DE 196, 210, 213, 226, 231, 238, 263, 285, 289.] Garcia's most recent effort has a familiar ring to it: he tells me he must be released because COVID-19 is ravaging the prison and he is at an elevated risk of infection. [DE 283.] The motion is DENIED.

Garcia's motion, like those of thousands of other federal prison inmates during the COVID-19 pandemic, invokes 18 U.S.C. §3582(c)(1)(A)(i).  As amended by the First Step Act, that provision authorizes a defendant to seek a modification of an imposed

term of imprisonment upon a showing that "extraordinary and compelling reasons warrant such a reduction."  If that high standard is met, then release is only authorized if the sentencing factors under Section 3553 counsel in favor of it.  *Id.*

At the outset, the government contends that Garcia has not met the administrative exhaustion requirements of 18 U.S.C. §3582(c)(1)(A).  I agree.  There was a time, nearly two years ago, that Garcia exhausted his administrative remedies and then came to court. [DE 198 at 2.] But it cannot be that his efforts at exhaustion two years ago now give him *carte blanche* to file a never-ending stream of requests for release without trying to secure release from the warden first.  Exhaustion is required each time a defendant seeks compassionate release.  *United States v. Cain*, 2021 WL 388436, at *4 (D.Maine Feb. 3, 2021) (collecting cases).  I see no evidence in Garcia's filings that he actually exhausted his administrative remedies for *this* request for compassionate release.  This isn't Garcia's first rodeo. Indeed, the government's brief persuasively lays out the history of Garcia's serial filings and abusive behavior. [DE 291 at 4.] The reason for the exhaustion requirement is plain: the Bureau of Prisons (through its wardens) are in a much better position to make the first call on compassionate release. They are the proverbial "boots on the ground." Because Garcia did not seek relief from the Bureau of Prisons as required by the pertinent statute, that is reason enough to deny Garcia's motion.

In any event, for the reasons I have stated many times before, Garcia has not shown that he faces "extraordinary and compelling" circumstances from the risk of

COVID-19. It is true that COVID-19 was running high in St. Louis County, Minnesota (home to the federal prison camp housing Garcia), in December and January.  But as is the case all over the country, the rates have fallen precipitously in the past months. Most recent statistics from St. Louis County show a modest seven day average of less than 25 positive cases a day.[1]  That can hardly be called "extraordinary" or "compelling." The numbers inside the camp have also fallen.  Compare FPC Duluth COVID statistics as of February 15, 2022 reflecting 4 inmates and 8 staff positive [DE 291 at 15] with Bureau of Prisons updated COVID statistics as of March 14, 2022 reflecting 1 inmate and 3 staff with confirmed active cases at FPC Duluth (https://www.bop.gov/-coronavirus/).  What's more, Garcia is 50 years old, not of advanced age, and has no current exacerbations of any respiratory ailments.  In sum, there are no extraordinary and compelling circumstances present in this case. I see no reason to make the analysis more complicated at this juncture.

More importantly, even if Garcia did meet the high bar of showing "extraordinary and compelling" reasons for release, I would still not order his release, for reasons I have talked about many times over the past couple of years. The sentencing factors set forth in §3553(a) lead to the conclusion that Garcia received a well-deserved sentence of 70 months. He presided over a complex mail fraud conspiracy that spanned years, involved hundreds of fraudulent documents and

---

[1] *See* https://www.stlouiscountymn.gov/departments-a-z/public-health-human-services/-public-health/COVID-19/COVID-19-dashboard.

spurious liens placed on 87 different real properties, victimized the Department of

Housing and Urban Development and many individuals, and caused a loss of between

$500,000 and $1 million.  At Garcia's sentencing I described the scheme as "a rampant

fraud," involving a "day in, day out, drum beat of fraudulent behavior for a three- or

four-year span of time."  [DE 165 at 26.]  The crime was an extremely serious one, as

reflected in the sentence of 70 months' imprisonment.  Garcia's projected release date is

in December 2024, and his release now would greatly reduce his term and

concomitantly deprecate the seriousness of the offense. In my view, such a shortened

term of imprisonment would not be sufficient to serve the statutory purposes of

reflecting the seriousness of Garcia's offense, promoting respect for the law, providing a

just punishment for the offense, and affording adequate deterrence to criminal conduct

by others or by Garcia himself.

ACCORDINGLY:

Defendant Sergio Garcia, Sr.'s Emergency Motion for Compassionate Release

[DE 283] is DENIED.

SO ORDERED.

ENTERED: March 15, 2022.

/s/   Philip P. Simon
UNITED STATES DISTRICT JUDGE